248 So.2d 713

**Henry ROGERS**

**v.**

**Alfred SMITH et al.**

**4 Div. 386.**

Supreme Court of Alabama.

May 27, 1971.

W. H. Albritton, J. Fletcher Jones, Andalusia, for appellant.

James M. Prestwood, Andalusia, for appellees.

HEFLIN, Chief Justice.

The question involved in this appeal is the following: Where a deed reformation

suit has a jurisdictional defect due to the absence of necessary parties, can this defect be first raised in an appeal from a final decree involving a bill in the nature of a bill of review which seeks to review the final decree in said deed reformation suit on other grounds? This Court says yes.

This is an appeal from a final decree of the Circuit Court of Covington County, Alabama, in Equity, denying relief to Henry Rogers (appellant-complainant) on his "bill in the nature of a bill of review" which sought to review the final decree in Case No. 6840 which reformed a deed from Henry Rogers to Alfred Smith (one of the appellees, a respondent in the review case below, and the complainant in the deed reformation case).

The essential facts in sequence follow.

On January 9, 1963, Henry Rogers conveyed an undivided one-half (½) interest to Alfred Smith in fee and an undivided one-half (½) interest to John Fisher, for and during his natural life, and on his death, in fee to the children of said John Fisher and wife, Teressa Fisher (Joseph, John and Joyce Fisher) in the following described real property located in Covington County, Alabama:

"Lots Two (2), Three (3) and Four (4) in Block Fifty-Three (53) in the City of Florala, Alabama, as per Kihlberg's Plan of Hughes' Addition resurveyed by M. E. Batts in November 1902 and recorded in the Probate Office of Covington County, Alabama."

On December 20, 1963, Alfred Smith conveyed the remainder interest to Warren Lee Smith and wife, Pearl Smith, reserving a life estate interest to himself in his undivided one-half (½) interest to the heretofore described real estate.

On September 30, 1966, Alfred Smith filed said Case No. 6840 on the equity side of the Covington County Circuit Court against Henry Rogers, praying that the deed which Henry Rogers had given him be reformed so that there be conveyed to him an undivided one-half (½) interest in *Lots One (1),* Two (2), Three (3) and Four (4) in said Block 53, contending this was the intent of grantor Rogers. It should be noted that Lot One (1) was not mentioned in said deeds. The bill of complaint averred that respondent Rogers was a nonresident whose address at that time could not be ascertained. Service of process on Henry Rogers was obtained by publication.

On December 9, 1966, Alfred Smith moved for and was granted a decree pro confesso.

On January 26, 1967, Alfred Smith amended his bill averring that Henry Rogers had intended to convey the *North One-Half* of Lots *One (1),* Two (2), Three (3) and Four (4) in said Block 53 instead of the description contained in the original deed from Henry Rogers to Alfred Smith and prayed relief accordingly. On the same date, the lower court entered a decree reforming the description in the deed to conform with the complainant's prayer in his amended bill of complaint. John Fisher, Joseph Fisher, John Fisher, Jr., and Joyce Fisher were not made parties to the deed reformation suit and neither were Warren Lee Smith nor his wife, Pearl Smith.

On June 30, 1967, Alfred Smith conveyed to Fred Smiley the North One-Half of Lots 1, 2, 3 and 4 in said Block. On August 11, 1967, Fred Smiley and wife, Jean Smiley, mortgaged the North One-Half of Lots 1, 2, 3 and 4 in said Block to the First Federal Savings & Loan Association of Andalusia.

The bill in the nature of a bill of review was filed by Henry Rogers on May 29, 1968, naming as respondents Alfred Smith, his wife, Annie Mae Smith, Fred Smiley, Jean Smiley and First Federal Savings & Loan Association of Andalusia. The said

bill sought to set aside and hold for naught the final decree of the Circuit Court of Covington County, Alabama, in the deed reformation suit (Case No. 6840) alleging fraud in the procurement of service upon Henry Rogers. Demurrers by the respondent (appellees here) were overruled. The Alfred Smiths and Smileys thereupon answered by a general denial. The answer filed by First Federal Savings & Loan Association of Andalusia was amended to disclaim any interest as mortgagee in the North One-Half of Lots 2, 3 and 4 because, by virtue of an instrument which it had executed, it had released said lots from its mortgage. First Federal through its amended answer claimed a mortgagee's interest in the North One-Half of Lot One (1).

On June 30, 1969, the trial court on pleadings and proof taken ore tenus entered its final decree from which the instant appeal was perfected. In said decree, it was found that the appellee-respondent Alfred Smith could have and should have attempted service on Henry Rogers in Case No. 6840 by registered mail before resorting to service by publication (holding, in effect, that Alfred Smith knew the whereabouts of Henry Rogers at the time service was obtained by publication); that the final decree entered in said Case No. 6840 (deed reformation suit) accomplished the intent of Henry Rogers at the time of the execution of the deeds on January 9, 1963, in so far as said deeds related to respondent Alfred Smith; that "since the decree entered in Case No. 6840 apparently accomplished the intent of respondent, Henry Rogers, in that case and the complainant in this case, the court found that any fraud on the part of Alfred Smith was not done to knowingly and actually defraud Henry Rogers." Based on these findings, the lower court determined that appellant Henry Rogers was not entitled to have the final decree entered in the deed reformation suit set aside.

During the trial in the lower court, no issue was presented to the learned trial judge pertaining to the absence of Warren Lee Smith, Pearl Smith and the Fishers as necessary parties in the deed reformation suit.

Appellant assigns as error, among other things, the absence of John Fisher, Joseph Fisher, John Fisher, Jr., Joyce Fisher, Warren Lee Smith and Pearl Smith, as necessary parties in the deed reformation suit (Case No. 6840).

Although there were no allegations in the bill in the nature of a bill of review pertaining to the absence of necessary parties in the deed reformation suit (Case No. 6840), the record shows that a deed was offered and received in evidence in the trial below by which Alfred Smith, on December 20, 1963, conveyed an undivided one-half ($\frac{1}{2}$) interest in and to Lots 2, 3 and 4 of said Block 53 to Warren Lee Smith and Pearl Smith reserving unto himself a life estate in said property. Evidence pertaining to the deed to the Fishers was also introduced. It is by virtue of such evidence that the failure to join said Warren Smiths and said Fishers as necessary parties in the deed reformation suit is noticed.

This Court, as then constituted, in Rollan v. Posey, 271 Ala. 640, 645, 126 So.2d 464, 465, stated the law of this state pertaining to the absence of parties in the following language:

"The general rule in a court of equity is that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants. The rule proceeds on the principle that no man's rights should be controverted in a court of justice unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe, because of the presence in court of all parties who have an interest in its subject matter. The general rule further is

that if a bill is defective for the want of proper parties, advantage should be taken of the defect by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception that if a cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu. Prout v. Hoge, 57 Ala. 28. See also: Batre v. Auze's Heirs, 5 Ala. 173; McMaken v. McMaken, 18 Ala. 576; Woodward v. Wood, 19 Ala. 213; McCully v. Chapman, 58 Ala. 325; Watson v. Oates, 58 Ala. 647; Amann v. Burke, 237 Ala. 380, 186 So. 769; Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259; Garrison v. Kelly, 257 Ala. 105, 57 So.2d 345."

In McMaken et al. v. McMaken, supra, the contention was made that the issue of the absence of a necessary party could not be made in the Supreme Court, when the issue was not raised in the lower court. In answer thereto, the court stated:

"The general rule is, that a defect in a bill for want of proper parties, should be taken advantage of, either by plea or demurrer, or be insisted upon in the answer.—(Story Eq.Pl., § 541; 1 Daniel's Ch.Prac. 334;)—and if the objection be not taken in one of these modes, it is considered as waived, and the court may proceed to a final decree, if the absent defendant be not an indispensable party to the bill. * * *

"But we consider the rule as well settled in this State, that the omission of one, who is an indispensable party to a bill, is a defect that will reverse the decree on a writ of error, *although the objection be taken for the first time in this court.* In the case of Batre v. Auze's Heirs, 5 Ala. 173, this court held the rule to be that the omission of an indispensable party was such a defect that the decree would be reversed on a writ

of error or appeal. * * * In the case of Woodward v. Wood, decided at the present Term, we held that the omission to make one a party, whose interest was liable to be affected by the decree, was an error that would reverse the decree, although the objection was taken for the first time in this court. * * *" Id., at 577–578. (Emphasis supplied.)

In the case of Harris v. Johnson, 176 Ala. 445, 448, 58 So. 426, this Court, as then constituted, held that the absence of indispensable parties necessitated the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment, even though no notice was taken in the court below of the omission of parties. The recent case of Board of Trustees of Employees' Retirement System of the City of Montgomery, Alabama, v. Talley, 286 Ala. 661, 244 So.2d 791, 1971, is to the same effect.

■ This Court has previously ruled that the absence of necessary parties in a deed reformation suit is cause for ex mero motu reversal action by the appellate court. See O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645. All parties whose interest in the subject matter, legal or equitable, will be immediately or consequently affected by the decree are necessary parties to a suit for reformation of an instrument. Leigeber v. Scott, 263 Ala. 507, 83 So.2d 246.

■ On January 9, 1963, when Henry Rogers deeded an undivided one-half (½) interest in said property to Alfred Smith, he, by another deed, vested a life estate interest in John Fisher and the remainder interest in Joseph Fisher, John Fisher and Joyce Fisher to the other undivided one-half (½) interest in Lots 2, 3 and 4 in said Block 53. It is inescapable that under the last above-stated rule the Fishers are necessary or indispensable parties to the deed reformation suit. The same is true of Warren Lee Smith and wife, Pearl Smith. Therefore, a decree reforming a

deed which affects the interests of such parties should not be allowed to stand where these necessary parties had no opportunity to appear and let their positions be known. It is clear that proper disposition of the cause on its merits could not be made without their presence.

In Holland v. Flinn, 239 Ala. 390, 195 So. 265, this Court stated that the absence of necessary parties under the Declaratory Judgment Act was a jurisdictional defect, and further that regardless of such statute the presence of necessary parties is jurisdictional. This holding was quoted with approval in the case of City of Mobile et al. v. Gulf Development Co., Inc., 277 Ala. 431, 440, 171 So.2d 247.

A judgment or decree is not binding on anyone unless the court rendering the same had jurisdiction of the parties and the subject matter of the cause. See Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153. The decree of a trial court which has not obtained jurisdiction over necessary parties is void. Board of Trustees of Employees' Retirement System of the City of Montgomery, Alabama, v. Dorothy Carr Talley, *supra*.

Thus the absence of necessary or indispensable parties in the deed reformation suit is a jurisdictional defect and this Court holds that such defect can be brought to the attention of an appellate court on appeal from a decree involving a bill in the nature of a bill of review even when it was not called to the attention of the trial court.

Since this cause must be reversed, it is not necessary to determine the issue pertaining to the alleged fraud in the matter of service of process by publication and the effect of such alleged fraud under the findings of the final decree.

This cause is reversed and remanded with directions to the trial judge to set aside and hold for naught the decree of the court in the deed reformation case (Case No. 6840) but without prejudice.

Reversed and remanded with directions.

SIMPSON, COLEMAN, BLOODWORTH and McCALL, JJ., concur.