317 So.2d 319

**STATE of Alabama**

v.

**HERTZ SKYCENTER, INC.**

Civ. 477.

Court of Civil Appeals of Alabama.

Jan. 8, 1975.

Rehearing Denied Feb. 19, 1975.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue, and Asst. Atty. Gen., Philip C. Davis, Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for the State.

**482**

Thomas B. Hill, Jr., and Neal H. Acker, Montgomery, for appellee.

BRADLEY, Judge.

On March 30, 1972 the State Revenue Department, appellant (hereinafter referred to as State), entered a final sales tax assessment against Hertz Skycenter, Inc., appellee (hereinafter referred to as Hertz) in the amount of $14,852.98. Hertz appealed this assessment to the Circuit Court of Montgomery County where a hearing was held and a decision rendered absolving Hertz from any liability for the payment of the sales taxes in question. The State then appealed that judgment to this court.

The pleadings and evidence filed in the trial court show that the State audited the books of Hertz for the period of October 1, 1968 through September 30, 1971 and as-

sessed it with additional sales taxes in the amount of $13,729.49 and interest in the amount of $1,123.49 for sales of meals, snacks, liquids and other foods to United Airlines.

United and Hertz had an agreement whereby Hertz would furnish various food items for United's aircraft departing the Huntsville-Madison County airport.

According to the agreed statement of facts filed in this case, the sales of these food items to United by Hertz was for the consumption of United's passengers. The method used in charging for the meal furnished to and consumed by United's passengers was in accordance with Civil Aeronautics Board regulations. Those regulaions required that the price of the meal be included in the price of the ticket.

The stipulated facts further show that if a passenger does not receive a meal on a flight designated as a "meal flight" that passenger becomes entitled to compensation for the lost meal. Such compensation can be in the form of a "chit" which authorizes the receipt of a comparable meal at the airport where the "chit" is given or in cash.

State contends that the sale of the food items in question by Hertz to United was a retail sale within the meaning of Title 51, Section 786(2), Code of Alabama 1940, as Recompiled 1958, and therefore subject to sales tax. Sections 786(2)(i) and (j) provide in pertinent part as follows:

"(i) The term 'wholesale sale' or 'sale at wholesale' means any one of the following: a sale of tangible personal property by wholesaler to licensed retail merchants, jobbers, dealers, or other wholesalers for resale and does not include a sale by wholesalers to users or consumers, not for resale; . . .."

"(j) The term 'sale at retail' or 'retail sale' shall mean all sales of tangible personal property except those above defined as wholesale sales. . . ."

In support of this contention, the State cites to us the recent Illinois Supreme Court case, *American Airlines, Inc. et al. v. The Department of Revenue*, 58 Ill.2d 251, 319 N.E.2d 28, decided on September 17, 1974.

In the cited case, American Airlines had a catering agreement with Hot Shoppes, Inc. whereby meals were to be furnished to American Airlines to be served to its passengers. The Illinois Department of Revenue assessed sales taxes for the sale of these food items and the Illinois Supreme Court upheld this assessment.

The Illinois sales tax statute (Ill.Rev. Stat.1963, Ch. 120, par. 440 et seq.) provided that a tax was imposed on persons selling tangible personal property at retail. A "retail sale" was defined as a transfer of ownership to tangible personal property for use or consumption but not for resale for a valuable consideration.

The Illinois Department of Revenue had promulgated the following rule:

"(h) effective November 1, 1963, sellers of food and beverages, delivered in Illinois to airlines for use in serving passengers and crews on aircraft without a separate charge for the food or beverages being made by the airline, regardless of whether the airline may serve the food and beverages in Illinois or outside Illinois." Department of Revenue, Rules and Regulations, Rule 7(1)(h).

The evidence which formed the basis of the decision in the trial court and the supreme court showed that there was no separate charge for the meals served American's passengers; meal service was included in the price of the ticket; the same fare is charged on flights between the same points even when food is not served; should meals not be served because of inflight problems, no refund could be obtained; there was no reduction in the price of a ticket if the passenger did not want a meal; and a passenger who did not eat a meal on the plane could obtain a voucher

redeemable at the airport for a comparable meal, but he would not be entitled to a refund if he did not desire a voucher.

The Illinois court concluded that the sale of the food to American by Hot Shoppes was not a sale for resale to its passengers within the meaning of its sales tax law but was a sale to American for its use and consumption. That court further observed that the evidence showed that the meals were not separately considered or charged for but were treated as an operating expense. And, the court said that the Illinois Revenue Department regulation merely recognized that unless there was a separate charge for the meal it had to be regarded as an operating cost of the business as decided in a previous case.

Hertz argues in the case at bar that the sales by it to United were wholesale sales within the meaning of Section 786(2)(i), *supra*, because the food items purchased from it were to be resold to United's passengers for their consumption and the price of the food consumed was to be included in the price of the air fare paid by the passenger. Hertz gives us two cases from other jurisdictions to support its position. The first is *Undercofler v. Eastern Air Lines, Inc.*, 221 Ga. 824, 147 S.E.2d 436, and the second is *United Air Lines, Inc. v. Department of Treasury, Revenue Division*, Cir.Ct. of Ingham, Mich., Law Order Book 131, p. 365, dated Aug. 1, 1972; *Leave to Appeal Refused* by Mich. Ct. of Appeals on Dec. 26, 1972; *Application for Leave to Appeal Denied* by Mich. Sup.Ct. on March 29, 1973; *Application for Reconsideration Denied* by Mich.Sup. Ct. on June 8, 1973.

In *Undercofler, supra*, Eastern Airlines had been assessed with sales taxes for meals served to its passengers by the State of Georgia. It was shown that Eastern purchased prepared meals, had them placed on board its planes just prior to departure and they were not served to the passengers until the plane had passed the Georgia state line. Eastern made no separate charge for the meal, but included the cost of the meal in the price of the ticket.

The Georgia Supreme Court said that Eastern's purchase of the meals from its supplier was not a taxable event, for the statute did not impose a tax on the purchase of the property for resale. However, the sale of the food by Eastern to its passengers was a taxable event. The sale occurred when the passenger purchased his flight ticket because the price of the meal was included in the cost of the ticket. The location of the airplane at the time the meal was served is immaterial for the sale occurred when the ticket was purchased and the purchaser merely delayed delivery until an appropriate time for its consumption.

The court further observed that the inclusion of the cost of the meal in the price of the ticket did not prevent the imposition of a tax for it must be assumed that the price of the meal is a known quantity and can be separated from the charge for transportation.

The court pointed out that a "retail sale" or "sale at retail" means a sale of tangible personal property for any purpose other than resale.

In the Michigan case United Air Lines had been assessed by the State of Michigan with use taxes for purchases of food for consumption by its passengers. The State Board of Tax Appeals held that the food purchases were for resale and said that sales taxes were due from United rather than use taxes. In its finding of fact it said that United had served meals, snacks and beverages to its passengers and the charges for same had been included in the price of the ticket. The court said that this finding amounted to a factual determination that the food consumed by United's passengers was paid for by them because a portion of their flight ticket was allocable to the charge for food. The court said it was bound by these findings.

The Michigan Sales Tax Act provides that a "sale at retail" means any transfer

for a consideration of tangible personal property for any purpose other than resale.

The court held that the meals were consumed by United's passengers, that the food was tangible personal property; and that the charge for the food was incorporated in the price of the ticket and, being paid for in the form of money, constituted consideration for the sale. Hence, there was a sale at retail within the meaning of the statute.

■ The issue to be decided here as it was in the trial court is whether or not the sale of meals, snacks and beverages by Hertz to United was a retail sale and thereby subject to sales taxes pursuant to Section 76(2)(j), *supra*, or was a wholesale sale as defined by Section 786(2)(i) and therefore not subject to sales taxes.

The trial court concluded that the sale was a wholesale sale and as a consequence not subject to sales taxes. We agree with the trial court's conclusion.

■ The purpose of a retail sales tax is to tax the ultimate consumer. *State v. T. R. Miller Mill Co.,* 272 Ala. 135, 130 So.2d 185.

In the case at bar the trial court found as a fact, and such finding is based on the agreed statement of facts filed in this case, that the food sold by Hertz to United was in turn sold to and consumed by United's passengers, i.e., the price of the food was included in the price of the ticket and the food was consumed by United's passengers. This was the finding in the Georgia and Michigan cases, whereas the Illinois case specifically decided that the passenger was not the consumer, but for tax purposes, the airline consumed the food in providing a service. Payment for these sales was made by including the cost of the meal in the price of the ticket so that when the flight ticket was purchased the meal was paid for at that time. In all three of the cited cases the price of the meal was included in the price of the ticket but Georgia and Michigan concluded that the meal

price was ascertainable and therefore separable from the charge for transportation; hence the sale by the airline to its passengers was a retail sale. Illinois concluded that the food was consumed by American Airlines, not its passengers; hence there was no retail sale. The food costs were considered as a part of the cost of operating an airline.

Based on its findings of fact from the agreed statement of facts, the only evidence before the court on this subject, the trial court in the instant case concluded that the sale by Hertz to United was a wholesale sale inasmuch as the food purchased by United was intended to be resold to its passengers. Being a wholesale sale, the food items sold by Hertz to United were not subject to sales taxes. The trial court was correct in this aspect of its decree.

We wish to emphasize that the agreed statement of facts entered into by the parties to this appeal constituted the evidence before the trial court and provides that the food items sold to United by Hertz were for consumption by United's passengers, and should a passenger not receive a meal on a "meal flight" he would be entitled to compensation either in the form of a comparable meal at the airport or in cash. The facts enumerated by the Illinois Supreme Court and deemed to be supportive of its opinion do not have a counterpart in the agreed statement of facts filed in the case at bar except that the price of the meal was included in the price of the ticket and even here the legal effect given to this fact by the Illinois court differs from that given by the trial court in the instant case. Due to the dissimilarities we do not consider the Illinois case as apt authority for a decision in this case.

The trial court decreed that Revenue Department Rule M5–053 conflicted with CAB regulations and was invalid.

Rule M5–053 provides as follows:

"Sales of meals, drinks, etc., by railroads, airlines, steamships, or other

transportation companies within this state are subject to the sales tax.

"Meals, etc., served by any transportation company as a part of its transportation service, for which no separate charge is made, *are not required to be reported as retail sales* by the Company. In such instances the Company is considered to be the consumer of the foods, etc., served and *will be required to pay tax thereon to its supplier.*" (Emphasis added.)

Hertz argues in support of that ruling that CAB regulations require that the price of the meal be included in the total fare charged the passenger and that since the above rule requires a separate charge, there is a fatal conflict. Where there is a conflict between a CAB regulation and a state requirement, so argues Hertz, the offending state rule must give way to the federal rule for the reason that Congress under the Constitution has preempted this particular area of the law.

■ We are of the opinion that the trial court erred in decreeing that Rule M5–053 was invalid in the present case.

In the Georgia and Michigan cases the price of the meal was included in the price of the ticket but in each one it was decided that the portion of the ticket attributable to the price of the meal was ascertainable and there being a sale for an ascertainable amount, sales taxes were due to be collected. However, the Illinois court in the *American Airlines* case, although finding that the price of the meal was included in the ticket, also said that the food was sold to the airline for its use and consumption and not for resale to its passengers. The meal cost, due to the peculiar facts in that case, was deemed to be just another expense for the airline.

In the case at bar the evidence shows that the price of the food was included in the transportation charge; however, we believe that the food cost is an ascertainable amount and, being so, amounts to a separate charge so far as the purpose and intent of Revenue Department Rule M5–053 is concerned.

The price of the food being a separate charge within the meaning of Rule M5–053 under the facts of this case, there can be no conflict with CAB regulations; hence the trial court's decree in this regard is in error.

The trial court also decreed that Title 51, Section 786(25), Code of Alabama 1940, as Recompiled 1958, was in conflict with CAB regulations and, as a consequence, United Airlines could not be required to collect sales taxes on sales of food to its passengers. Section 786(25) requires that the retailer collect sales taxes on sales made to the consumer and imposes a penalty for the failure to comply with its directive.

To begin with, United Airlines is not and was not a party to the present action. The pleadings in this case have not raised the issue of the applicability or non-applicability of Section 786(25). As a matter of fact, the sole and only issue as presented by the Revenue Department's tax assessment and by the pleadings filed in the trial court was whether Hertz was liable for sales taxes on the sale of food to United Airlines.

■ Inasmuch as United Airlines was not a party to the present proceeding and the fact that Section 786(25) was not an issue in the case, the trial court exceeded its jurisdictional authority in decreeing that Section 786(25) was not applicable to sales of food by United Airlines to its passengers. See *Rogers v. Smith*, 287 Ala. 118, 248 So.2d 713.

For the reasons above stated the judgment of the trial court is affirmed in part and reversed in part.

Affirmed in part and reversed in part, and remanded for the entry of a judgment in conformity with this opinion.

WRIGHT, P. J., and HOLMES, J., concur.