317 So.2d 324

**In re STATE of Alabama**

**v.**

**HERTZ SKYCENTER, INC.**

**Ex parte State of Alabama.**

**SC 1166.**

Supreme Court of Alabama.

July 17, 1975.

———◆———

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue, and Asst. Atty. Gen., Philip C. Davis, Asst. Counsel, Dept. of Revenue, and Asst. Atty. Gen., for petitioner, the State.

**338**

Thomas B. Hill, Jr., Neal H. Acker, Montgomery, for respondent.

BLOODWORTH, Justice.

The question presented to us by the State's petition for writ of certiorari is:

"When food prepared by Hertz Skycenter, Inc., a company engaged in the business of preparing food for human consumption, is sold to United Air Lines, Inc., a company engaged in the business of furnishing air passenger services, which food is to be served by United to its passengers departing from the Huntsville-Madison County Airport, are such sales 'retail' or 'wholesale' sales within the meaning of the Alabama Sales Tax Law [Tit. 51, § 786(2)]?"

The Court of Civil Appeals concluded that such sales are "wholesale sales," within the meaning of the Alabama Sales Tax Law, and are not subject to sales tax inasmuch as the food purchased by United was intended to be resold to United's passengers for their consumption in flight. We agree.

The Court of Civil Appeals held, 55 Ala.App. 481, 317 So.2d 319, inter alia, viz:

"In the case at bar the trial court found as a fact, and such finding is

based on the agreed statement of facts filed in this case, that the food sold by Hertz to United was in turn sold to and consumed by United's passengers, i. e., the price of the food was included in the price of the ticket and the food was consumed by United's passengers."

\*    \*    \*    \*    \*    \*

"Based on its findings of fact from the agreed statement of facts, the only evidence before the court on this subject, the trial court in the instant case concluded that the sale by Hertz to United was a wholesale sale inasmuch as the food purchased by United was intended to be resold to its passengers. Being a wholesale sale, the food items sold by Hertz to United were not subject to sales taxes. The trial court was correct in this aspect of its decree."

We affirm the Court of Civil Appeals' decision as to this aspect.

The Court of Civil Appeals also held:

"Inasmuch as United Airlines was not a party to the present proceeding and the fact that Section 786(25) [requiring the retailer to collect sales taxes] was not an issue in the case, the trial court exceeded its jurisdictional authority in decreeing that Section 786(25) was not applicable to sales of food by United Airlines to its passengers. See *Rogers v. Smith*, 287 Ala. 118, 248 So.2d 713." [Bracketed material supplied.]

■    Since the validity vel non of this holding is not raised by the petition for writ of certiorari, we do not undertake to examine the holding.

Finally, the Court of Civil Appeals held that the trial court erred in declaring that Revenue Department Regulation M5–053 conflicted with Civil Aeronautics Board regulations and was therefore invalid. Regulation M5–053 declares that *the price of meals served by any transportation company* (including airlines) *are not required to be reported* as "retail sales" *by the company* when "no separate charge is made"

therefor and the meals are served "as a part of its transportation service."

■    Although the validity and applicability of this regulation is presented to us, in view of the fact that the regulation purports to regulate the reporting and collection of sales taxes (pursuant to Tit. 51, § 786(25) ) by *transportation companies, including airlines*, and since United Air Lines is not a party to this cause, we decline to consider the validity or applicability of the regulation nor do we think the trial court or the Court of Civil Appeals could do so for the same reason. *Doby v. State Tax Commission*, 234 Ala. 150, 174 So. 233 (1937). See also *Rogers v. Smith*, 287 Ala. 118, 248 So.2d 713 (1971).

The issue in the case at bar simply presents a conflict between two opposing interpretations of our sales tax statutes. Hertz, the caterer, says its sales to United were "wholesale sales" and it is not liable for collecting the sales tax. The State, on the other hand, contends the sales were "retail sales" and Hertz is liable for collecting the tax. United, the airline, is not a party to the lawsuit. (The conclusion is, of course, inescapable, that it will ultimately be the passenger who will pay the tax, regardless as to which party is made the collector. *State v. T. R. Miller Mill Co.*, 272 Ala. 135, 130 So.2d 185.)

To conclude, we agree with the Court of Civil Appeals in its conclusion that the sales from Hertz to United were "wholesale sales" and were not therefore subject to sales taxes.

The judgment and decision of the Court of Civil Appeals is affirmed, as corrected by this decision.

Affirmed, as corrected.

HEFLIN, C. J., and MERRILL, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.

MADDOX, J., not sitting.