MADDOX, Justice.
This case has been here before. Many of the facts surrounding the dispute are set out in Rogers v. Smith, 287 Ala. 118, 248 So.2d 713, decided May 27, 1971, and will not be restated here.
After remandment, John, Joseph and Joyce Fisher, who were determined to be necessary parties to the reformation suit, in Rogers v. Smith, supra, filed an action of ejectment in October, 1973, against Alfred Smith, and others (Smith’s grantees and grantees’ mortgagee). The trial court, after hearing testimony, found, as follows:
“This Court does not ordinarily explain the reason for its ruling but in this cause, it is felt that an explanation of the ruling would be proper. As conceded by all parties to this proceeding a Plaintiff in Ejectment must recover on the strength of his own title and not on the weakness of the Defendant’s title. The Court has reviewed the proceedings in Case No. 6840 and Case No. 7356 on the Equity side of this Court relative to the title to the property involved in this litigation and upon a review of these records, the Court feels that in Case No. 7356 in accordance with the mandate of the Supreme Court case of Rogers vs. Smith [287 Ala. 118], 248 So.2d 713, the Court entered a decree setting aside the final decree in Case No. 6840 and the effect of that decree is that there is no adjudication in this Court relative to the title of the suit property prior to the death of Henry Rogers and there being no evidence of record title in Mack Rogers or Henry Rogers, there was no title to be vested pursuant to the will of Henry Rogers and there being no evidence of the probate of the will of Henry Rogers, it would have been ineffective to convey any title which descended from Mack Rogers to Henry Rogers, if in fact, there was not any record title in Mack Rogers.”
We have examined the record and it is apparent that the Court examined a file in the case of Henry Rogers v. Alfred Smith and others, and also a file in the case of Alfred Smith v. Henry Rogers. Both files were introduced into evidence by the appellants and were received into evidence, over objection of the appellee. Appellants’ counsel stated that the files were introduced to show “title in Henry Rogers.”
Exhibits 1-5 were as follows:
1. Henry Rogers’ Bill in the Nature of a Bill of Review (Case No. 7356).
*939 2. Amendment to Complaint in Alfred Smith’s suit against Henry Rogers for reformation (Case No. 6840).
4. Affidavit of Alfred Smith in support of reformation suit.
5. Last Will and Testament of Henry Rogers (no showing on exhibit that it had been probated).
As pointed out by the trial judge, the plaintiffs had the burden of establishing title in them. See Ray v. Fowler, 265 Ala. 65, 89 So.2d 573 (1956). The trial judge found that plaintiffs failed to sustain their burden. We have examined the record and the testimony and we are convinced that the trial judge has not misapplied the law to the facts and neither has he made findings of fact which are clearly and palpably wrong.
Appellants argue that the trial court’s finding that the will of Henry Rogers had not been probated is plainly and palpably wrong. We disagree. There was a showing by probate court records that it had, in fact, been probated. Furthermore, in this case there was no showing what constituted, “any and all real property that I may own in Florala, Alabama,” the words used in the photocopy of the will we have before us. We affirm the trial court.
We would point out, however, that the original decree of reformation was set aside, and after two appeals to this Court, the record title has yet to be judicially established. Based on the record before us and before the trial court, however, we cannot determine what the respective interests are, especially in view of Alfred Smith’s initial claim that his deed from Henry Rogers should be reformed. We cannot tell from this record whether Smith has pressed, or intends to press, his reformation claim. All we hold here is that the trial judge did not err in finding and concluding that the plaintiffs did not sustain their burden in this action.
AFFIRMED.
TORBERT, C. J., and FAULKNER, SHORES and BEATTY, JJ., concur.