This is an appeal by the State from the setting aside of a sales tax assessment. We affirm.
A final assessment for sales tax in the amount of $57,178.30 was entered against Delta Air Lines by the Revenue Department, State of Alabama. The basis of the assessment was that Delta sold meals, snacks and other foods to its passengers when they purchased their tickets in Alabama. According to the State, the purchase of the ticket from Delta was the taxing event, a retail sale.
The undisputed facts are: Delta sells tickets to passengers departing on its flights from Alabama. On certain flights meals, snacks and other foods are served. None of such meals, snacks and other foods are served while the aircraft is in airspace over Alabama. All flights are in interstate commerce. The transaction relating to the purchase of tickets is subject to cancellation by either the purchaser or the airline. The price of the ticket is the same on such flights whether a meal is served or not. If for some reason a meal, though scheduled, *Page 1206 
is not served there is no right to a refund or a chit for a comparable meal at destination. There is no agreement or commitment concerning serving of meals except as provided by the ticket or appropriate tariff. Delta has control over meals and there is no assurance of or right to a meal until it is served. The assessment of taxes was computed by the Revenue Department through use of a mathematical formula. That formula was as follows:
Ticket sales in Alabama X all catered = Alabama food Total ticket sales in food cost sales to be Delta system taxed at 4%
The trial court found in its judgment that delivery of the meal passed title and constituted a sale; that the sale to the passenger consumer was the taxable event under the Alabama law; that the sale occurred outside Alabama and in interstate commerce and was not subject to Alabama sales tax. The court further found that the formula used by the State in calculating the tax was arbitrary, unreasonable and unlawful and bore no relationship to alleged sales of meals by Delta in Alabama.
The State in its appeal contends two issues. First, the court misapplied the law to the facts. Second, the finding that the formula used by the State was unlawful was against the great weight of the evidence.
The State begins its argument in brief with the admission that the assessment was entered against Delta as a result of the decision of this court, with subsequent affirmation by the Supreme Court, in the case of State v. Hertz Skycenter, Inc.,55 Ala. App. 481, 317 So.2d 319, affirmed on cert., 294 Ala. 336, 317 So.2d 324 (1975).
We very carefully pointed out in Hertz that the trial court reached its conclusions of fact from a written stipulation. We emphasized certain facts set out in the stipulation. The Supreme Court in reviewing the decision of this court quoted our statement concerning the only facts before the trial court and merely affirmed what we said. The primarily emphasized facts were that the passenger purchasing a ticket on a "meal flight" was assured thereby of a meal of a certain value. In the event the meal was not served in flight, the passenger was entitled to a meal of equal value at the next airport or a cash refund. Upon these primary stipulated facts, we affirmed the conclusion of the trial court that the sale from Hertz to United Airlines was a wholesale sale and not subject to sales tax. That was the only issue that was decided in Hertz. The other issues presented by the appeal were pretermitted, either by this court or by the Supreme Court, because United Airlines was not a party.
In this case, the State has gone so far as to interpret Hertz
to hold that all sales of meals, snacks and foods by a caterer to an airline for serving upon its flights are wholesale sales under Alabama law and not subject to sales tax. The State adds as a corollary that therefore the airline sells such meals, snacks and foods to its passengers at retail, the sale occurring at the time of purchasing the ticket. It goes a step further with the unusual contention that it does not matter that the foods that may be ultimately served were not boarded or prepared in Alabama nor that they were not served in Alabama airspace. If the tickets were purchased in Alabama, the sale of the meal or meals was completed and tax is due the State no matter where or when prepared, boarded or served. It's from this latter contention that the formula for computing tax was derived.
We almost are persuaded that the interpretations of Hertz
contended by the State are for the purpose of causing this court embarrassment; however, we opt for the alternate persuasion that there is an honest misunderstanding of Hertz.
To finally allay such misunderstanding we say that what we said in Hertz was founded upon the facts stipulated therein and is the law of that case. Contrary to the contention of the State here, the facts of this case are not the same nor does the taxpayer occupy the same position.
The assessment made here was founded upon there being a retail sale of meals, snacks and foods by Delta to its passengers at the time of the sale of the ticket. Therefore, *Page 1207 
the value of such meals, snacks and foods was subject to Alabama sales tax no matter where they were placed aboard the aircraft nor where they were ultimately served to the passenger. The taxpayer did not contest the assessment upon the issue of whether there was a retail sale, but only as to where a sale occurred and if a tax thereon could be lawfully charged.
The trial court found there were two issues to be determined by its final judgment. They were (1) whether the State may lawfully assess a sales tax on the sale of meals by Delta to its passengers in interstate commerce who purchase their tickets in Alabama; (2) whether the method of assessment was lawful. We have previously stated herein the substance of the court's findings of fact. In its judgment on the issues, the court stated that "the sales of meals . . . are closed and title passes outside the state of Alabama and in interstate commerce and therefore are not subject to Alabama sales tax."
Considering the theory upon which the assessment was made by the State and upon the theory of the appeal of the assessment as tried before the trial court, the court correctly applied the law to the facts.
Alabama sales tax applies only to sales that are "closed" within the State. Sections 40-23-1 (a)(5), -2 (1), Code of Alabama (1975). For tax purposes, sales are closed when title to the goods passes to the purchaser. Hamm v. Continental GinCo., 276 Ala. 611, 165 So.2d 392 (1964); State v. Altec, Inc.,46 Ala. App. 450, 243 So.2d 713 (1971). Actual delivery is of great importance in determining when title passes. State v.Communication Equip. Contr. Co., 335 So.2d 123 (Ala.Civ.App. 1976). Title passes, unless otherwise explicitly agreed, at the time and place of completion of performance by physical delivery of the goods. Section 7-2-401 (2), Code of Alabama (1975). Under the stated facts delivery of a meal, if at all, occurs outside Alabama and in interstate commerce. Delta has no contractual obligation to deliver a meal at all. It maintains possession until actually served. Therefore, the trial court did not improperly conclude that the alleged sale was closed and title passes at the time of delivery without the State and was not subject to Alabama sales tax.
The second issue of whether the formula used by the State in determining the tax due is in fact moot after our finding on the first issue. Most of the meals and foods which are served on flights for which tickets are purchased in Alabama are not only not served in Alabama airspace but are prepared and placed on the aircraft at airports outside of Alabama. Those meals and foods are taxed by the states wherein they were boarded. The result is an unconstitutional burden upon interstate commerce and taxes activities carried on beyond the borders of the state in interstate commerce. Evco v. Jones, 409 U.S. 91,93 S.Ct. 349, 34 L.Ed.2d 325 (1972); J.D. Adams Mfg. Co. v. Storen,304 U.S. 307, 58 S.Ct. 913, 82 L.Ed. 1365 (1938).
The contention by the State that there is no legal evidence by Delta to overcome the prima facie validity of the assessment is not well taken. The testimony of the tax manager as to the effect of the formula used by the State cannot be dismissed as mere "opinion." The effect of the use of the formula is evident from its own factors when viewed with the undisputed facts. Furthermore, the case cited by the State to exclude the evidence of the tax manager is not appropriate. See First Nat'lBank v. State, 262 Ala. 155, 77 So.2d 653 (1954).
In conclusion, in an effort to prevent misunderstanding of this decision, we say that we have affirmed the trial court in its decision on the issues before it as stated in its judgment, i.e., whether the retail sale of meals, snacks and foods by Delta to passengers who purchased their tickets in Alabama but who received and consumed the meals, snacks and foods outside the State and in interstate commerce was subject to Alabama sales tax.
We reiterate that whether the transaction between Delta and its passengers was a retail sale under the facts of this case was not in issue. *Page 1208 
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.