I agree with the conclusion reached by the majority.
Whether sales tax was due in this case depends upon whether title to the directories passed to South Central Bell within the state, i.e., whether the transaction between the taxpayer and South Central "closed" within the state. This court has held that, under the Uniform Commercial Code (UCC), specifically Ala. Code (1975), § 7-2-401(2), "[t]itle passes, unless otherwise explicitly agreed, at the time and place of completion of performance by physical delivery of the goods."State v. Delta Air Lines, Inc., 356 So.2d 1205, 1207
(Ala.Civ.App.), cert. denied, 356 So.2d 1208 (Ala. 1978).
It is undisputed that the contract between the taxpayer and South Central provided that title would pass, i.e., the transaction would "close" at the F.O.B. point. It is also undisputed that the contract gave South Central the option to designate the F.O.B. point as the place of destination of the directories delivered by United States mail. The taxpayer's uncontradicted affidavit evidence, submitted in support of its summary judgment motion, showed that South Central had exercised this contractual option to designate the F.O.B. point as the place of destination, which was outside Alabama.
The State contends that this contractual arrangement was not an "explicit" agreement within the meaning of Delta Air Lines, 356 So.2d at 1207, and that, therefore, title to the directories passed "at the *Page 1102 
time and place of completion of performance by physical delivery" of the directories to the United States Postal Service in Homewood, Alabama.
Regardless of whether or not the contractual agreement was "explicit" within the meaning of the Delta Air Lines case, in my opinion the contract provided South Central with the option, which it exercised, to have title to the directories pass to it outside the state.
Under the UCC, when a contract provides for F.O.B. the place of destination, "the seller must at his own expense and risk transport the goods to that place and there tender delivery of them." Ala. Code (1975), § 7-2-319(1)(b). Applying this definition to the present case, it is clear that, when South Central opted to designate the F.O.B. point as the place of destination, it required the taxpayer to deliver the directories at the taxpayer's risk and expense to a point outside the state.
Thus, the taxpayer's performance under the contract by delivering the directories could not have been completed, and thus title could not have passed, until the directories reached their destination outside the state. See Ala. Code (1975), §7-2-401(2)(b). Accordingly, the transaction did not close within the state, and sales tax was not due on it.