BRYAN, Judge.
The State Department of Revenue (“the Department”) appeals from a summary judgment of the Barbour Circuit Court determining that the Department erred in assessing the sales tax against Boyd Brothers Transportation, Inc. (“Boyd Brothers”), on certain transactions. We affirm.

Factual Background and Procedural History

Boyd Brothers operates a long-haul trucking business. Boyd Brothers and 70 of, its drivers entered into individual “lease[-]purchase” agreements involving trucks owned by Boyd Brothers. Each agreement provided that a driver would take possession of a truck and lease that truck from Boyd Brothers by making monthly payments during a fixed period. The monthly payments were determined by dividing the fair-market value of the truck by the number of months in the agreement period. The agreements provided that, after a driver had made all the required monthly payments, that driver would have the option of purchasing the truck for a payment of $1. The agreement provided that Boyd Brothers would retain title to a truck during the period that the monthly payments were being made. Boyd Brothers transferred title to a truck only when a driver had exercised the $1 purchase option after making all the monthly payments. Of the 70 drivers who entered into the agreements, 66 drivers defaulted on the agreements and 4 drivers purchased trucks. When a driver defaulted, Boyd Brothers took possession of the truck.
The Department determined that the transactions reflected in all 70 agreements constituted conditional retail sales of the trucks. Consequently, the Department entered a sales-tax assessment against Boyd Brothers on the approximately 2,300 payments made pursuant to those agreements during the period between October 1, 1997, and March 30, 2003. Pursuant to § 40-2A-7(b)(5)a., Ala.Code 1975, Boyd Brothers sought administrative review of the assessment by appealing to the Department’s Administrative Law Division, and the case was heard by an administrative law judge (“the ALJ”). Following a hearing, the ALJ issued an order upholding the Department’s assessment of the sales tax in the amount of $38,305.37. The ALJ determined that the transactions between Boyd Brothers and the 70 drivers constituted conditional sales subject to the sales tax. The ALJ also addressed whether, pursuant to Rule 810-6-1-.33, Ala. Admin.Code (Department of Revenue), the transactions in this case were “casual sales” that would not constitute taxable sales. The ALJ determined that the transactions did not qualify as casual sales that would create an exemption from the imposition of the sales tax.
Boyd Brothers appealed the ALJ’s order to the circuit court, pursuant to § 40-2A-9(g), Ala.Code 1975. Boyd Brothers then moved for a summary judgment, asserting that it owes no sales taxes on the transactions in this case. The circuit court subsequently entered a summary judgment reversing the ALJ’s order and determining that Boyd Brothers has no sales-tax liability. The Department appealed to this court.

Standard of Review

This court’s review of a summary judgment is de novo. Bradley v. Miller, 878 So.2d 262, 266 (Ala.2003).

*703
Discussion

We first address the 66 “lease[-]purchase” agreements on which drivers defaulted. The Department argues that the transactions arising out of those agreements constituted conditional sales made by Boyd Brothers. The Department therefore contends that Boyd Brothers is liable for sales taxes on those transactions. In support of its argument, the Department cites Lawson State Community College v. First Continental Leasing Corp., 529 So.2d 926 (Ala.1988), overruled on other grounds by Berner v. Caldwell, 543 So.2d 686 (Ala.1989). In Lawson State, our supreme court discussed the distinction between a “true lease” and a “disguised” conditional sale secured by a security agreement. 529 So.2d at 929. Lawson State was not a tax case; rather, that case concerned whether a certain transaction was governed by Article 9 of the Uniform Commercial Code. Id. at 929-30.
 Assuming, without deciding, that the 66 agreements on which drivers defaulted were actually conditional-sales agreements, the Department has not established that Boyd Brothers is liable for sales taxes on the transactions arising from those agreements. “Alabama sales tax applies only to sales that are ‘closed’ within the State. Sections 40-23-1(a)(5), -2(1), Code of Alabama (1975).” State v. Delta Air Lines, Inc., 356 So.2d 1205, 1207 (Ala.Civ.App.1978). Section 40-23-1(a)(5), Ala.Code 1975, provides that “a transaction shall not be closed or a sale completed until the time and place when and where title is transferred by the seller or seller’s agent to the purchaser or purchaser’s agent.” In this case, it is undisputed that, regarding each of the 66 agreements on which a driver defaulted, no title to any truck was transferred from Boyd Brothers to any driver. Because there was no transfer of title, there was no completed sale; therefore, no sales taxes are due regarding transactions stemming from those 66 agreements.[1]
We next address the four agreements that resulted in drivers exercising the purchase option and taking title to the trucks. Boyd Brothers concedes that the transfer of title in those four cases constituted a “sale” for the purposes of determining whether the sales tax is owed. However, the parties dispute whether those four sales are subject to the sales-tax exemption for “casual sales” found in Rule 810-6-1-.33, Ala. Admin. Code (Department of Revenue). See, e.g., State v. Bay Towing & Dredging Co., 265 Ala. 282, 90 So.2d 743 (1956) (discussing the casual-sales exemption). In its summary judgment, the circuit court seemingly determined that the four sales in this case were casual sales. Rule 810-6-1-.33 provides, in pertinent part:
“(1) Other than the exception noted in (3) below, casual or isolated sales by persons not engaged in the business of selling are not required to be reported to the Department of Revenue by the provisions of the Sales Tax Law.
[[Image here]]
“(3) Casual sales of automotive vehicles, motorboats, truck trailers, semitrailers, travel trailers, and manufactured homes are subject to sales or use taxes pursuant to the provisions of Sections 40-23-100, et seq., Code of Ala. 1975.”
Based on the exception found in Rule 810-6-1-33(3) to the casual-sale exemption, we conclude that the casual-sale exemption *704 has no application to the sale of the four trucks in this case.
However, regarding the sale of the four trucks, the circuit court also determined that the sales tax could not be levied against Boyd Brothers based on § 40-23-101(a), Ala.Code 1975. That statute provides, in pertinent part:
“(a) There is hereby levied ... a sales tax upon every person, firm, or corporation purchasing within this state, other than at wholesale, any automotive vehicle, motorboat, truck trailer, trailer, semitrailer, or travel trailer ... from any person, firm or corporation that is not a licensed dealer engaging in selling automotive vehicles, motorboats, truck trailers, trailers, semitrailers, or travel trailers.... ”
The record establishes that Boyd Brothers is not a “licensed dealer” under § 40-23-101(a). Therefore, that statute levies a sales tax against the drivers who bought the four trucks, not against Boyd Brothers. The Department does not address the application of § 40-23-101(a) in this case. Based on § 40-23-101(a), we conclude that Boyd Brothers is not liable for the sales tax on the sale of the four trucks.
Based on the foregoing, we affirm the summary judgment of the circuit court determining that Boyd Brothers has no sales-tax liability in this case.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. This appeal does not concern any possible lease taxes that may have attached to transactions in this case. See § 40-12-220 et seq., Ala.Code 1975.