Rel: April 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

———————————————

### SC-2023-0414

———————————————

### Alavest, LLC

### v.

### Michael Joseph Harris

### Appeal from Jefferson Circuit Court
### (CV-22-901595)

STEWART, Justice.

Alavest, LLC, appeals a judgment of the Jefferson Circuit Court

("the trial court") that, among other things, declared a foreclosure deed

void in an ejectment action it had commenced against Michael Joseph Harris. Because a necessary and indispensable party was absent from the proceedings, we reverse the judgment and we remand the cause with instructions.

Facts and Procedural History

In February 2017, Harris purchased a home in Gardendale ("the property") with a loan secured by a mortgage executed in favor of HomeBridge Financial Services, Inc. In 2020, Mortgage Electronic Registration Systems, Inc., on behalf of HomeBridge Financial, transferred and assigned the mortgage to New Rez, LLC, d/b/a Shellpoint Mortgage Servicing ("New Rez"). At some point thereafter, Harris defaulted on his loan payments. On April 27, 2022, New Rez sold the property at a foreclosure sale to Alavest. The following day, Alavest sent a letter to Harris notifying him of the foreclosure sale and demanding possession of the property. On May 16, 2022, Harris, through legal counsel, sent a letter to Alavest notifying it of his request to redeem the property and asserting that he had not received notice of the foreclosure proceedings. Shortly thereafter, Alavest filed a complaint for ejectment in the trial court. Harris filed an answer in which he asserted various

affirmative defenses, including that the foreclosure sale was void. Harris also asserted a counterclaim seeking a judgment declaring that the foreclosure proceedings had been defective and in violation of § 6-5-248, Ala. Code 1975. Alavest amended its complaint to add a claim of unjust enrichment, filed a reply to Harris's counterclaim, and filed a motion to dismiss the counterclaim. Alavest asserted that Harris's counterclaim actually alleged a claim against New Rez, as mortgagee, who Harris had not added as party to the action. The trial court denied Alavest's motion to dismiss.

After a bench trial, the trial court entered a judgment in favor of Harris on Alavest's ejectment and unjust-enrichment claims because, it determined, the foreclosure sale was void. The trial court reasoned that the foreclosure proceedings did not comply with Alabama law because, it said, the evidence before it demonstrated that Harris had not received notice of the acceleration of the note evidencing the loan or notice of the foreclosure sale until after Alavest had made a demand for possession of the property. The trial court also stated that, with regard to Harris's counterclaim, because New Rez was not a party to the action, "the only

relief that [the trial court] can give in the absence of the mortgagee is to declare the foreclosure sale void."

Alavest filed a motion seeking to alter, amend, or vacate the judgment or, in the alternative, seeking a new trial in which it alleged that the trial court had erred in not joining New Rez as a party. Harris filed a response in opposition to Alavest's motion in which he asserted that New Rez was not required to be added as a party to the action. The trial court denied Alavest's postjudgment motion, and Alavest timely filed a notice of appeal.

## Discussion

Alavest challenges the judgment insofar as it declared the foreclosure sale void. Alavest asserts that New Rez, as the foreclosing mortgagee, was an indispensable party and that its absence from the action "prevented the trial court from obtaining jurisdiction in this matter." Alavest's brief at 9. This Court has made clear that an indispensable party's absence from an action does not deprive the circuit court of subject-matter jurisdiction. Campbell v. Taylor, 159 So. 3d 4 (Ala. 2014). Instead, "[t]he absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal

4

with directions to allow the cause to stand over for amendment." J.C. Jacobs Banking Co. v. Campbell, 406 So. 2d 834, 850-51 (Ala. 1981)(citing Rogers v. Smith, 287 Ala. 118, 248 So. 2d 713 (1971)).

In determining whether a party is necessary and, ultimately, indispensable, Rule 19, Ala. R. Civ. P., provides a two-step process to guide a trial court's decision. Holland v. City of Alabaster, 566 So. 2d 224, 226 (Ala. 1990). The trial court must first determine whether an absent person should be joined, if feasible, under the guidance set forth in section (a) of Rule 19, which provides, in pertinent part, that the person shall be joined if

> "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

If the trial court determines that the absent person should be joined under section (a), but cannot be made a party, then, pursuant to section (b) of Rule 19, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or

5

should be dismissed, the absent person being thus regarded as indispensable." The determination whether an absent party is indispensable or merely necessary "is a question to be decided in the context of the particular case." J.R. McClenney & Son, Inc. v. Reimer, 435 So. 2d 50, 52 (Ala. 1983).

The purposes of Rule 19 "include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy." Byrd Cos. v. Smith, 591 So. 2d 844, 846 (Ala. 1991). This Court has held that, "in cases where the final judgment will affect ownership of an interest in real property, all parties claiming an interest in the real property must be joined." Id. at 846 (citing Johnston v. White-Spunner, 342 So. 2d 754, 759 (Ala. 1977)). This Court has also held that, in the context of boundary disputes, a mortgagee is a necessary and indispensable party because its rights would be affected by the judgment. See Rollan v. Posey, 271 Ala. 640, 645, 126 So. 2d 464, 468 (1961) (explaining that "all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties," based on "the principle that no man's rights should be controverted in a court of justice unless he has full opportunity to appear and vindicate them").

6

Alavest relies on <u>Hawkins v. LaSalle Bank, National Ass'n</u>, 24 So. 3d 1143 (Ala. Civ. App. 2009), which, it asserts, strongly implies that a foreclosing mortgagee is a necessary party to a later ejectment action. In <u>Hawkins</u>, the Court of Civil Appeals, in response to an argument that a former mortgagee was an indispensable party, explained that, because that mortgagee had assigned its rights in the mortgage before the foreclosure sale, it was not a necessary party to the ejectment action. 24 So. 3d at 1151 (overruled on other grounds by <u>Berry v. Deutsche Bank Nat'l Tr. Co.</u>, 57 So. 3d 142 (Ala. Civ. App. 2010)).

Harris, in defense of the judgment, argues that <u>Barnes v. U.S. Bank National Ass'n</u>, 318 So. 3d 1209, 1214 (Ala. Civ. App. 2020), is "almost identical" to this case and, he asserts, supports a conclusion that New Rez was not indispensable or required to be added as a party. Harris's brief at 4. <u>Barnes</u> did not involve issues relating to joinder of necessary or indispensable parties. Another important distinction between <u>Barnes</u> and the present case is that, in <u>Barnes</u>, the mortgagee was the entity that had foreclosed on the mortgage, had purchased the property at the foreclosure sale, and had initiated the ejectment action. The mortgagee

assigned its rights to another entity only after it had commenced the litigation.

In this case, New Rez, the mortgagee and foreclosing entity, sold the property at a foreclosure sale to Alavest. New Rez did not assign its rights under the mortgage agreement to Alavest. The practical effect of the trial court's judgment declaring the foreclosure sale void strips Alavest of its rights to the property and restores New Rez as the mortgagee and Harris as the mortgagor. SE Prop. Holdings, LLC v. Bama Bayou, LLC, 329 So. 3d 1250, 1268 (Ala. 2020)("Once a foreclosure has been set aside, the law in Alabama restores the parties to their former positions and rights under the mortgage."). The trial court's judgment declaring the foreclosure sale void, which was entered in New Rez's absence, impeded New Rez's ability to protect its interest by preventing it from defending the validity of the foreclosure proceedings and sale. See Rule 19(a)(2)(i). In addition, Alavest is now "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Rule 19(a)(2)(ii). Accordingly, New Rez is a necessary party that should be joined, if feasible.

8

However, because it does not appear from the record before this Court that any attempt was made to add New Rez as a party, we remand the cause for the trial court to order that New Rez be added as a party, if feasible. See Smith v. Smith, [Ms. SC-2023-0264, Sept. 15, 2023] ___ So. 3d ___ (Ala. 2023); and Capitol Farmers Mkt., Inc. v. Delongchamp, 320 So. 3d 574 (Ala. 2020). If New Rez cannot be joined as a party, the trial court, in considering the factors set forth in Rule 19(b), "shall determine whether in equity and good conscience the action should proceed" in New Rez's absence or whether New Rez is indispensable to the action, thus requiring dismissal of the action without prejudice. Rule 19(b); see Delongchamp, 320 So. 3d at 583, and J.C. Jacobs Banking Co., 406 So. 2d at 850-51. Based on our conclusion, we pretermit discussion of the other issues raised on appeal.

## Conclusion

The trial court's judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Parker, C.J., and Wise, Sellers, and Cook, JJ., concur.