210 So.2d 266 (1968)
J. Ed STRAUGHN, Director, Florida Revenue Commission; and the Honorable Haydon Burns, Governor; Tom Adams, Secretary of State; Earl Faircloth, Attorney General; Ray E. Green, Comptroller; Broward Williams, Treasurer; Tom D. Bailey, Superintendent of Public Instruction; Doyle Conner, Commissioner of Agriculture; Members, and Composing the Florida Revenue Commission, and Ray Wilson, Sheriff of Okaloosa County, Florida, Appellants,
v.
KELLY BOAT SERVICE, INC., Appellee.
No. I-168.
District Court of Appeal of Florida. First District.
April 25, 1968.
Rehearing Denied June 4, 1968.
Earl Faircloth, Atty. Gen., and Larry Levy, Asst. Atty. Gen., for appellant.
David W. Palmer, Crestview, for appellee.
CARROLL, DONALD, K., Acting Chief Judge.
The defendants in a suit to enjoin the collection of state taxes levied against the plaintiff's deep sea fishing operations have appealed from a final decree entered by the Circuit Court for Okaloosa County, granting such relief.
The basic question presented for our determination in this appeal is whether the plaintiff's said operations were subject to the sales, use, and admission tax laws of the State of Florida (Chapter 212, Florida Statutes, F.S.A.)
The facts pertinent in the present consideration, as found from the evidence by the chancellor in his said decree, which facts are substantially undisputed by the parties to this appeal, are as follows:
The plaintiff is the owner and operator of a fleet of deep sea fishing boats in Destin, Florida, which, for a fee, carry individual fishermen to certain fishing banks which lie beyond the three-league limit in the Gulf of Mexico. While there, the plaintiff sells food and drinks to the fishermen and rents them fishing equipment. The fishing is done at the snapper banks in the Gulf or in the vicinity of those banks. The fishing equipment and tackle used on these trips "are mainly used beyond the three-league limits in the waters of the Gulf of Mexico; and that most, if not all, of the food and drinks sold at the galley or the refreshment stand on the boat was *267 outside of the three-league limits of the State of Florida. * * *"
The pivotal issue, then, is whether the State of Florida has the power and jurisdiction to impose and collect the taxes in question upon transactions occurring outside of the territorial limits of Florida in the Gulf of Mexico beyond the three-league limit.
This pivotal issue is controlled by the decision of the Supreme Court of the United States in United States v. State of California, 381 U.S. 139, 85 S.Ct. 1401, 14 L.Ed.2d 296 (1965). In that case the Supreme Court held that, regardless of a state's historic boundaries, its claims to submerged lands under the Submerged Lands Act of 1953 (43 U.S.C.A., Secs. 1301-1315) are governed by a three-mile limitation on the Atlantic and Pacific Oceans and by a three-league limitation in the Gulf of Mexico.
In the case at bar the chancellor sat as the trier of the facts, and in that capacity he found as a fact that the transactions upon which the taxes in question were imposed substantially occurred in the Gulf of Mexico beyond the three-league limit from the land borders of the State of Florida  therefore, outside the territorial limits of the State of Florida. There being substantial, competent evidence to support the said finding, we have no authority to substitute our judgment for that of the chancellor as to such fact.
Under these circumstances the State of Florida had no power or jurisdiction to levy and collect taxes on those transactions. In reaching this conclusion we apply the following principle as stated in 47 Am.Jur., Sales and Use Taxes, Sec. 5, pages 202 and 203: "The general rule that a state may not tax persons, property, or interests which are not within the territorial jurisdiction is applicable to sales taxes."
Because the taxes involved in this case were levied upon transactions occurring beyond the territorial jurisdiction of the State of Florida, such taxes are void and the chancellor correctly so held in the final decree, although he gave as his principal reason his conclusion that the plaintiff was engaged in interstate commerce. We are, of course, concerned with his holding, rather than the validity of his reasons therefor.
In view of our above holding that the taxes involved in this appeal are void, there is no necessity here for us to pass upon the other points raised by the appellants in this appeal, and we do not here pass upon them, one way or the other.
Accordingly, the final decree appealed from herein must be and it is
Affirmed.
RAWLS and SPECTOR, JJ., concur.