SPECTOR, Chief Judge.
The appellant state agency seeks reversal of a judgment rendered in the court below holding that sums charged the public by appellees for transporting them some twenty to thirty miles into the Atlantic Ocean to a reef where patrons may engage in fishing are not subject to sales or admissions taxes. The judgment reviewed herein was rendered on authority of this court’s decision in Straughn et al. v. Kelly Boat Service, Inc., 210 So.2d 266. The instant case is distinguishable from Kelly and the tax on the sums charged by appel-lees for the above purpose must be sustained.
Appellees are engaged in the business of operating “party” fishing vessels out of Port Canaveral, Florida. Patrons pay $6.00 each to be taken out to the reef where they can fish. The vessels operate Saturdays and Sundays and, in addition, during holidays or peak tourist seasons run daily out of port.
The sole question presented is whether the $6.00 charge described above is an admissions charge under Section 212.04, Florida Statutes, as further defined by Section 212.02(16), Florida Statutes, F.S.A.
The former section provides:
“It is hereby declared to be the legislative intent that every person is exercis *57 ing a taxable privilege who sells or receives anything of value, by way of admissions. For the exercise of said privilege a tax is levied as follows(Emphasis supplied.)
Section 212.02(16), Florida Statutes, F. S.A., defines the word “admissions” materially as follows:
“The term ‘admissions’ means and includes the net sum of money for admitting a person ... to any place of amusement, sport, or recreation or for the privilege of entering or staying in any place of amusement, sport, or recreation, including but not limited to theatres, outdoor theatres, shows, exhibitions, games, races or any place where charge is made by way of sale of tickets, gate charges, seat charges, participation fees, entrance fees, measured on an admission or entrance or length of stay ... in any place where there is any exhibition, entertainment, . . . amusement, sport, or recreation, . . . ” (Emphasis supplied.)
Appellant contends that the $6.00 fee charged to patrons of the fishing vessels is an admission fee or charge within the purview of the above cited statutory provisions. The fee is paid at dockside by the patrons prior to boarding the fishing vessels. Appellant correctly argues in the alternative that even if the $6.00 fee were not collected until after the vessel is on the high seas beyond the territorial limits of the State, nonetheless the obligation to pay such fee arises when the patron boards the vessel at dockside and thus the transaction is within the State’s taxing jurisdiction.
Appellees’ contention that the $6.00 charge for boarding the fishing vessel is not an admission for sporting or recreational purposes within the purview of the statute is without merit. The contention that the $6.00 fee is a charge for mere transportation to and from the fishing reef ignores the reality that the passengers taking the trip for purposes other than engaging in fishing sport do so for whatever recreational benefits the passenger experiences from the ride itself.
Appellees’ reliance on the Kelly Boat Service case, supra, as authority for excluding their admission charges from the tax does not square with the holding of that case. As in the case at bar, Kelly Boat Service maintained a deep-sea fishing operation against which the State sought to collect taxes under Chapter 212, Florida Statutes. In Kelly, we said at page 266:
“The basic question presented for our determination in this appeal is whether the plaintiff’s said operations were subject to the sales, use, and admission tax laws of the State of Florida. (Chapter 212, Florida Statutes, F.S.A.)”
In Kelly, we affirmed the trial court’s holding that the taxpayer’s fishing boat operations were not taxable. While it is true that in propounding the basic question presented, our decision referred not only to the sales and use tax, but also to the admission tax, a later refinement of the issue presented is found in the following language in the decision at page 267, viz:
“The pivotal issue, then, is whether the State of Florida has the power and jurisdiction to impose and collect the taxes in question upon transactions occurring outside of the territorial limits of Florida in the Gulf of Mexico beyond the three-league limit.”
The extra-territorial transactions referred to in the next preceding excerpts are described in the Kelly decision in the court’s description of the fleet operator’s business as follows:
“The plaintiff is the owner and operator of a fleet of deep sea fishing boats in Destin, Florida, which, for a fee, carry individual fishermen to certain fishing banks which lie beyond the three-league limit in the Gulf of Mexico. While there, the plaintiff sells food and drinks to the fishermen and rents them fishing equipment. The fishing is done at the *58 snapper banks in the Gulf or in the vicinity of those banks. The fishing equipment and tackle used on these trips ‘are mainly used beyond the three-league limits in the waters of the Gulf of Mexico; and that most, if not all of the food and drinks sold at the galley or the refreshment stand on the boat was outside of the three-league limits of the State of Florida. * * ”
Viewing the extra-territorial issue in light of the above description of Kelly Boat’s business, it becomes apparent that the extra-territorial sales of food and drinks, as well as fishing equipment rentals which occurred beyond the State’s boundaries, were the transactions which we held to be not subject to this State’s taxing power in accordance with the general rule found in 47 Am.Jur., Sales and Use Taxes, § 5, pages 202 and 203, which says:
“The general rule that a state may not tax persons, property, or interests which are not within the territorial jurisdiction is applicable to sales taxes.”
In this case the State is not attempting to impose a sales or a use tax on the proceeds from sales of food and drinks or rental of fishing equipment which sales transactions occur beyond the territorial limits of the State. Sales and use taxes on such transactions are clearly proscribed by our decision in the Kelly Boat Service case, supra. However, the transaction, the taxability of which we are called upon to decide in this case, relates to the $6.00 charged by appellees to its patrons who wish to gain entry or admission to appel-lees’ boats for the recreational purposes .discussed above. The admissions transaction was not squarely ruled upon by our decision in Kelly Boat Service. Yet, if there is language in that decision tending to indicate that we held the admissions to be not taxable, then the matter should be clarified by receding from any such language.
The above expressed view that our opinion in Kelly Boat Service, Inc. treated only the sales and use taxability of extra-territorial transactions is consistent with Professor Bayitch’s statement of the case contained in Volume 24, University of Miami Law Review, Conflict of Laws, page 495, as follows:
“Florida’s power to tax was successfully challenged when the sales tax incident was food and drinks sold to fishermen in the Gulf of Mexico beyond the three leagues limit. The plaintiff, the owner of a fleet of boats who, for a fee, took fishermen on fishing trips in the Gulf, was able to prove that the equipment and tackle were used and the food and drinks were sold beyond the state’s territorial waters. The Florida appellate court held the rule that no state may ‘tax persons, property, or interests which are not within the territorial jurisdiction’ also applied to sales taxes, and the injunction against such taxing was upheld. ...”
While the lower court’s reliance upon the Kelly Boat case is understandable in view of the broad statement of the question presented, which included the phrase “admission tax”, it is nonetheless erroneous in light of the more detailed specification of the transactions being considered which were recited in our decision.
The judgment reviewed herein is reversed with directions that judgment be entered in favor of appellant for the amount due on the admissions charged by appellees. It is understood, of course, that appellant may not impose a sales or use tax in connection with the sale of food and drinks or rental of fishing equipment occurring outside the territorial limits of Florida in accordance with our holding in the Kelly Boat Service case, supra.
CARROLL, DONALD K. and WIG-GINTON, JJ., concur.