324 So.2d 651 (1975)
DEPARTMENT OF REVENUE et al., Appellants,
v.
KELLY BOAT SERVICE, INC., et al., Appellees.
No. Y-315.
District Court of Appeal of Florida, First District.
November 26, 1975.
Rehearing Denied January 28, 1976.
Robert L. Shevin, Atty. Gen., and E. Wilson Crump, III, Asst. Atty. Gen., for appellants.
David W. Palmer and David W. Palmer, II, Crestview, for appellees.
SMITH, Judge.
The Department of Revenue appeals from a summary final judgment of the circuit court declaring, as authorized by Chapter 86, F.S. 1973, the liability of appellee Kelly Boat Service, Inc., for payment of the admissions tax imposed by § 212.04, F.S. 1973. The court held that Kelly, whose boats take on passengers at Destin for fishing in the Gulf of Mexico beyond the territorial limits of Florida, is taxable at the statutory rate on the admission fare charged at the dock, but that the State is foreclosed from assessing Kelly for taxes that should have been paid between August 1970 and the first day of August, 1973, the month in which the Department demanded the production of Kelly's record for audit. Sec. 212.14(6), F.S. 1973. By cross-appeal, Kelly urges that its activities are not subject to the tax. Straughn v. Kelly Boat Service, Inc., 210 So.2d 266 (Fla.App.1st, 1968). Kelly and other cross-appellants complain also of the trial court's refusal to grant their complaint class action status.
The trial court was correct in its reading of our decision in Department of Revenue v. Pelican Ship Corp., 257 So.2d 56 (Fla.App.1st, 1972), cert. den. 262 So.2d 682 (Fla. 1972), cert. dism. 287 So.2d 93 (Fla. 1974), and in holding that Kelly's commercial activities, as evidenced by the record, render it liable to assessment for the admissions tax. The court was incorrect, *652 however, in foreclosing the Department of Revenue from making the assessment for the full three-year period authorized by § 212.14(6), F.S. 1973. The State is not foreclosed, by reason of our 1968 decision in Straughn v. Kelly Boat Service, Inc., or otherwise, to assert that on the facts shown by this record Kelly should satisfy its full tax liability incurred within three years prior to August 1, 1973. North American Co. v. Green, 120 So.2d 603 (Fla. 1960); Jackson Grain Co. v. Lee, 139 Fla. 93, 190 So. 464 (1939), 150 Fla. 232, 7 So.2d 143 (1942).
We have also considered but cannot sustain appellees' other points on the cross-appeal.
Affirmed in part, reversed in part.
BOYER, C.J., and SACK, MARTIN F., Associate Judge, concur.