368 So.2d 367 (1979)
DEPARTMENT OF REVENUE, Appellant,
v.
E.M. HOBBS, etc., et al., Appellees.
No. JJ-63.
District Court of Appeal of Florida, First District.
February 9, 1979.
Rehearing Denied March 29, 1979.
*368 Robert L. Shevin, Atty. Gen., E. Wilson Crump, II, Asst. Atty. Gen., for appellant.
David W. Palmer, Crestview, Eugene J. Cella, Tallahassee, for appellees.
ERVIN, Judge.
This appeal spawns from an unfortunate history of conflicting and sometimes confusing decisions from our court, discussed in detail infra. The Department of Revenue (DOR) appeals the lower court's final summary judgment holding that appellees were due refunds for admissions taxes paid by them for the years they were collected.
The appellees are proprietors of deep sea party fishing boats, who, for an admission fee paid at dockside, take their customers into the off-shore waters, usually beyond Florida's territorial limits. For many years the appellees collected no admissions taxes as required by § 212.04, Fla. Stat. (1969), from their customers. Later, under protest, each of the appellees remitted the taxes to appellant for which they now seek refunds.
Appellees' complaint, first filed in November, 1970, alleged the tax was illegal and could not be collected since their operations were similar to those of a party boat operator in Straughn v. Kelly Boat Service, 210 So.2d 266 (Fla. 1st DCA 1968).[1] The action was stayed, either by agreement of the parties or order of the court pending final disposition of similar cases[2] which presumably would affect the outcome of the instant case. After the mandate in Davis and Sons, Inc. v. Askew, supra note 2, was filed, the court found DOR was estopped from retaining the taxes which it had collected from appellees and ordered refunds.
DOR argues, and we agree, that under the circumstances estoppel cannot be invoked against the state and that the Davis decision stands on its own exceptional facts. Davis affirmed the trial court's judgment which had enjoined DOR from assessing admissions taxes against Davis between 1970 and the filing of mandate of Pelican, supra note 2. We conclude the facts in Department of Revenue v. Kelly Boat Service, Inc., supra note 2 (Kelly II), are much more apposite to those before us than those in Davis. The Davis decision observed that in Kelly II:
[T]he primary focus of appellees . . was ... that the admission tax was illegal  an issue which had been decided in Pelican but with different parties.... Although appellees in Kelly II referred to estoppel on several occasions ..., there was never any clear focus on a contention of estoppel. There was no evidence presented in Kelly II (as was presented here) which would indicate that the Department, through its actions had encouraged appellees not to collect the tax during the interim between the decision in Kelly I and the decision in Pelican. Id. at 1333.
Appellees' position before the trial court was quite similar to that of the taxpayers in Kelly II. The entire thrust of appellees' original and amended complaints was that the collection of the admissions taxes was prohibited by Kelly I. Appellees' pleadings raised no allegations of estoppel. Before estoppel is permitted as a basis for relief, it, and all its elements, must be specifically alleged. Cf. Croft v. Young, 188 So.2d 859 (Fla. 1st DCA 1966).
The court's final summary judgment, finding the state estopped, affected taxes already collected, which were ordered re *369 funded, and taxes not collected,[3] which the Department was enjoined from collecting. As to the former, the Department can hardly be said estopped since clearly no representations were made to the taxpayers it would not collect taxes which it in fact collected.
As to the latter, the lower court's final judgment relied in part upon a letter from the Department, addressed to its audit and area supervisors, which had stated: "No attempt should be made at this time to make any back assessments." The court concluded that the letter, and other Department correspondence, "makes ... clear that prior to Pelican, supra, decided January 6, 1972, the tax had not been collected." The mere fact of non-collection is hardly a basis for estoppel. Kelly II unequivocally stated that DOR was not foreclosed from back assessing Kelly for taxes which should have been paid between August, 1970, and the first day of August, 1973, the month the Department demanded the production of Kelly's records for audit pursuant to § 212.14(6), which permits the Department to back assess for all unpaid admissions taxes over a three year period. The correspondence here was not forwarded to appellees  only to Department personnel. Even if it were established it was common knowledge among party boat operators that the Department had decided to delay its audits until the uncertainty of its authority to collect  created by Kelly I  was resolved, the circumstance of knowledge still would not create an estoppel against the state. The general rule is that administrative officers are not estoppel through mistaken statements of the law. North American Company v. Green, 120 So.2d 603 (Fla. 1959); Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977); First Nat. Bank, etc. v. Dept. of Revenue, 364 So.2d 38 (Fla. 1st DCA 1978).
Unlike the situation in Davis, where direct representations were made to the taxpayers that the Department would not, for the time being, attempt to enforce collection of the tax upon plaintiff's operations, and Davis' reliance to his detriment, caused by the representations,[4] no such representations were made by DOR to any of the appellees that it would not collect the tax. The court's final summary judgment relied upon a deposition of George W. Davis, the plaintiff in George W. Davis & Sons, Inc. v. Askew, supra, which stated that Department agents had advised him they would not collect the tax. Whatever representations were made by DOR to a party in a separate case are hardly relevant to a determination of estoppel here. Strangers to transactions from which an estoppel arises cannot take advantage of estoppel, so that depositions in the record involving representations made to a plaintiff in Davis, supra, are irrelevant. See 12 Fla.Jur., Estoppel and Waiver, § 74 (1957).
We conclude that appellees have failed to establish any theory of estoppel which would bar DOR from retaining taxes already collected or from auditing and assessing the tax liability for appellees for all periods not barred by the statute of limitations. The lower court's judgment is reversed with directions that judgment be entered in favor of DOR.
SMITH, Acting C.J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.
NOTES
[1] This case, referred to afterward as Kelly I, held that the state could not collect any sales or admissions taxes on party boat operators who, like appellees, took their customers outside the state's territorial limits and there sold them refreshments or rented them fishing equipment.
[2] Department of Revenue v. Pelican Ship Corp., 257 So.2d 56 (Fla. 1st DCA 1972), cert. den., 262 So.2d 682 (Fla. 1972), cert. dism. 287 So.2d 93 (Fla. 1974), limited the Kelly I decision only to the collection of taxes on transactions which occurred outside Florida's territorial waters  not to taxes on admissions which were obtained dockside; Department of Revenue v. Kelly Boat Service, Inc., 324 So.2d 651 (Fla. 1st DCA 1976); Davis and Sons, Inc. v. Askew, 343 So.2d 1329 (Fla. 1st DCA 1977).
[3] One of the court's prior orders, entered on September 17, 1973, temporarily enjoined DOR from collecting taxes then due or alleged due until final disposition of Pelican. The injunction was later modified to permit DOR to collect all admissions taxes accruing only from April 11, 1973  the date mandate in Pelican was filed with the court.
[4] To justify a claim of estoppel against the state there must be (1) a representation by the party estopped to the party claiming estoppel as to some material fact, (2) a reliance upon the representation by the party claiming the estoppel and (3) a change in such party's position, caused by his reliance upon the representation to his detriment. Greenhut Construction Co., Inc. v. Knott, 247 So.2d 517 (Fla. 1st DCA 1971).