ADKINS, Justice.
This case is before us on an order from the First District Court of Appeal which certified the issues in this case to be of great public importance. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
This case arose with the filing of a complaint in circuit court in Leon County by the respondent Air Jamaica challenging the constitutionality of chapter 83-3, Laws of Florida. By order of the trial court the complaint was amended to include eleven other foreign airlines. The action was consolidated with a case filed by Wardair Canada for the purpose of trial. The parties stipulated to a briefing schedule and an early hearing date was obtained. A procedure was allowed which allowed the airlines to self-accrue the sales tax imposed under chapter 83-3 during the pendency of the proceedings subject to certain conditions.
The circuit court entered an order of final judgment on July 19, 1983, upholding the constitutionality of chapter 83-3 but ruling in favor of the airlines’ assertion that they should be exempt from the tax by virtue of certain executive agreements between their countries and the United States. The trial judge had previously upheld the law in Delta Air Lines, Inc. v. Department of Revenue, No. 83-761 (Leon County Cir.Ct. — Civ.Div. May 23, 1983).
The Department of Revenue appealed the circuit court's holding recognizing an exemption for the foreign airlines. The airlines cross-appealed. We will discuss only those issues raised which have not been previously determined by this Court in either Eastern Air Lines Inc. v. Department of Revenue, 455 So.2d 311 (Fla.1984); Delta Air Lines, Inc. v. Department of Revenue, .455 So.2d 317 (Fla.1984); or Department of Revenue v. Wardair Canada, Ltd., 455 So.2d 326 (Fla.1984).
The airlines challenge the law on the basis it unconstitutionally invades the exclusive powers of the executive and legislative branches to regulate foreign commerce by taxing commerce through a prohibited impost on exports. The airlines did not raise this issue in their pleadings or at oral argument in the circuit court. The department argues that the airlines are therefore precluded from raising the issue now. We agree. Nonetheless, we find that the law is not prohibited by the export-import clause of the federal constitution. The airlines attempt to apply federal statutes which are inapplicable to the excise tax in question. There is no basis for the airlines’ conclusion that the tax violates the export-import clause. The airlines attempt unsuccessfully to distinguish the case of Shell Oil Company v. State Board of Equalization, 64 Cal.2d 713, 414 P.2d 820, 51 Cal. Rptr. 524 (1966); appeal dismissed, 386 U.S. 211, 87 S.Ct. 973, 17 L.Ed.2d 870 (1967). Shell indicates, without question, that the fuel at issue here is not an export because it is used to propel that aircraft and is not delivered to another country. Furthermore, the tax in question is imposed on the privilege of the Florida vendor selling motor fuel or special fuel with the legal incident being on the first use or withdrawal from storage for use in the State of Florida. Florida is not attempting to tax the instrument, that is, the aircraft, of the foreign national while in Florida nor is it attempting to tax the process of exportation nor any fuel for export.
The airlines can also find no support for their position in Richfield Oil Corp. v. State Board of Equalization, 329 U.S. 69, 67 S.Ct. 156, 91 L.Ed. 80 (1946). That case involved the shipment of oil from this country “with the intention of uniting them to the mass of those belonging to some foreign country.” Id. 414 P.2d at 824, 51 Cal.Rptr. at 528. The oil was specifically sold for shipment abroad. At the time the tax was levied, the oil had clearly entered the process of exportation. This is not true of, the present tax. The fuel is intended to be used by the airlines. It is not being *326 purchased by the airline with the intent to transport it for sale abroad. We find no merit to the airlines’ argument on this point.
The airlines have raised the argument that the tax is a direct violation of agreements between the United States and their respective countries. We faced a similar challenge to the law in our decision in Department of Revenue v. Wardair Canada, Ltd., 455 So.2d 326 (Fla.1984). In the present case the airlines have not produced any facts which would enable us to hold contrary to our holding in Wardair where we found that the tax did not violate any international agreement. In addition, we find that none of the agreements expressly grant a most favored nation status when dealing with the issue of fuel and taxes as the airlines contend.
Accordingly, we affirm the order of the circuit court as to the constitutionality of chapter 83-3 except that portion of the law pertaining to a tax credit for Florida corporations. In Delta we determined that portion to be unconstitutional and it was stricken from the law. We reverse the circuit court to the extent that it recognized an exemption for foreign airlines.
It is so ordered.
ALDERMAN, C.J., and BOYD and SHAW, JJ., concur.