ADKINS, Justice.
We have before us an appeal which results from an order by the Fourth District Court of Appeal certifying the issues involved to be of great public importance. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
The case arose with the filing of a complaint in circuit court in Broward County. Northeastern International Airways, Inc., and Arrow Air, Inc., challenged the constitutionality of chapter 83-3, Laws of Florida. The circuit court entered an order of final judgment upholding the constitutionality of chapter 83-3. The plaintiffs challenged the constitutionality of chapter 83-3 but did not argue for exemption on the basis of international agreements entered into by the United States. The circuit court granted a motion for summary judgment against the plaintiffs thereby upholding the constitutionality of the law.
We have dealt with the issues raised here in our decisions in Eastern Air Lines, Inc. v. Department of Revenue, 455 So.2d 311 (Fla.1984); Delta Air Lines, Inc. v. Department of Revenue, 455 So.2d 317 (Fla.1984); Department of Revenue v. Wardair Canada Ltd., 455 So.2d 326, No. 64,-036 (Fla. June 14, 1984); and Department of Revenue v. Air Jamaica Ltd., 455 So.2d 324, No. 64,035 (Fla. June 14, 1984).
Accordingly we affirm in part and reverse in part the order of the circuit court. We determined in Delta that the portion of chapter 83-3 which provided a tax credit to Florida-based airlines was unconstitutional. We also determined that it was severable and that it was stricken from the law. The remainder of the order is affirmed.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON and SHAW, JJ., concur.
McDONALD, J., dissents.