ERVIN, Judge.
Appellant, State of Florida, Department of Revenue (department), appeals orders of the circuit court denying the state’s motions for statutory interest assessed by it against appellees Air Jamaica and Wardair pursuant to Section 212.12(3), Florida Statutes, based on alternative grounds of lack of jurisdiction and estoppel. We consolidate the cases for purposes of this appeal and reverse the orders of the circuit court. We hold: (1) the lower court had jurisdiction to order the airlines to pay statutory interest, and (2) the state is entitled to statutory interest on all funds escrowed by the airlines during the pendency of certain declaratory judgment suits challenging the imposition of sales taxes against the airlines for the purchase of aviation fuel.
Appellees, Air Jamaica and Wardair, were two of several airlines challenging Chapter 83-3, Laws of Florida, which revised taxing provisions relating to transportation in Florida.[1] The airlines subsequently signed stipulations with the department, allowing the airlines to self-accrue the sales tax during the pendency of the proceedings, which culminated at the trial level with the circuit court issuing final judgments finding portions of Chapter 83-3, Laws of Florida, unconstitutional and in conflict with the air services agreements between the United States and certain foreign governments. The Florida Supreme Court reversed the circuit court, upholding the tax as it related to foreign airlines, and the United States Supreme Court affirmed the Florida Supreme Court’s decision. See Department of Revenue v. Wardair Canada, Ltd., 455 So.2d 326 (Fla.1984), aff'd., 477 U.S. 1, 106 S.Ct. 2369, 91 L.Ed.2d 1 (1986), and Department of Revenue v. Air Jamaica, Ltd., 455 So.2d 324 (Fla.1984), appeal dismissed, 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986).
*448 The state filed motions to enforce mandate subsequent to both the Florida Supreme Court and United States Supreme Court decisions. The state’s motions request payment of the tax owed and statutory interest imposed by Section 212.12(3), Florida Statutes.[2] The lower court issued an order denying the state’s motion for imposition of statutory interest, holding that it did not have jurisdiction to entertain the issue and, even if it had jurisdiction, the state would not be entitled to statutory interest as a result of its stipulations.
I.
As to the jurisdictional issue, we conclude that the trial court possessed the equitable discretion to grant the department’s request to enforce the mandate of the Florida Supreme Court, which had upheld the statute in question, as it related to foreign airlines, and reversed those parts of the circuit court’s orders finding portions of the statute invalid. The airlines argue that because the language in the two decisions of the Supreme Court neither mentioned interest, nor reversed and remanded the cause for consistent proceedings, the trial court lacked jurisdiction to impose costs. We disagree. The supreme court’s decisions in Air Jamaica and War-dair Canada Ltd. simply reversed that portion of the circuit court’s orders providing sales tax exemptions for foreign airlines. The mandates in the above cases contained standard language commanding “that further proceedings be had in accordance with said opinion, the rule of this Court and the laws of the State of Florida.” This language gave the trial court sufficient discretion to consider the issue of statutory interest. Cf. City of Pensacola v. Capital Realty Holding, Co., 417 So.2d 687, 688 (Fla. 1st DCA 1982), holding that upon reversal and remand with general directions for further proceedings, trial judges are vested with broad discretion in handling or directing the course of the cause of action thereafter.
The trial court also had discretion to provide supplemental relief in the declaratory suit pursuant to Chapter 86, Florida Statutes, which provides in section 86.061 that supplemental relief based on a declaratory judgment may be granted if necessary or proper. In Thomas v. Cilbe, Inc., 104 So.2d 397 (Fla.2d DCA 1958), interpreted this provision as providing a liberal mechanism for the granting of supplemental relief in order to avoid a multiplicity of suits, if an adequate, expedient, and inexpensive remedy can be afforded to litigants in a single action. To require the department to file an additional cause of action would only delay the ultimate result in the case and would not promote judicial economy.
II.
In addition to their jurisdictional argument, the airlines contend that the state is estopped, by reason of its stipulations, from collecting the accrued statutory interest amounts. Again we disagree. The department of course may waive its entitlement to interest. Section 212.12(4) provides that the department may settle or compromise any such injuries or penalties, and section 213.21 gives the department the right to establish procedures for informal conferences for the resolution of disputes relating to the assessment of taxes, interest and penalties. The airlines argue (1) that the department, by entering into stipulations with the airlines, had agreed to waive statutory interest, and (2) that they had in fact remitted the tax to the state via the escrow agreements, hence no interest was owing. As to the former argument, we find nothing in the record from which we can determine that the department waived its right to collect interest. Interest cannot be waived by the state’s failure to make an explicit request for it, in that interest accrues automatically upon the dealer’s failure to remit the tax timely. See § 212.12(3), Fla.Stat. Moreover, there *449 is nothing in the language of the stipulations signed by the airlines and the department to suggest waiver of statutory interest.[3]
We also find no merit in the argument of the airlines that they remitted the tax to the state in conformance with section 212.12(3), by placing the funds in escrow accounts. It is clear that the monies placed in escrow accounts were not under state control or ownership, and thus cannot be deemed to have been remitted to the state.
In conclusion, we hold (1) that the circuit court had jurisdiction to consider the department’s requests for statutory interest on the motions to enforce the mandate, and (2) that the state did not waive the right to statutory interest by entering into stipulations with the airlines allowing self-accrual of sales taxes. On remand, the lower court is directed to conduct such further proceedings as are necessary to determine the amount of statutory interest owed the state.
The orders appealed from are REVERSED and the causes are REMANDED to the trial court for further consistent proceedings.
SMITH, C.J., and NIMMONS, J., concur.

. See also Department of Revenue v. Lineas Aereas Costarricenses, 457 So.2d 1007 (Fla.1984), appeal dismissed, 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986); Delta Airlines, Inc. v. Department of Revenue, 455 So.2d 317 (Fla. 1984), appeal dismissed, 474 U.S. 892, 106 S.Ct. 213, 88 L.Ed.2d 214 (U.S.1985); Northeastern International Airways v. Department of Revenue, 457 So.2d 1008 (Fla.1984), appeal dismissed, 474 U.S. 891, 106 S.Ct. 213, 88 L.Ed.2d 214 (1985); and Eastern Airlines, Inc. v. Department of Revenue, 455 So.2d 311 (Fla.1984), appeal dismissed, 474 U.S. 892, 106 S.Ct. 213, 88 L.Ed.2d 214 (1985).

. Section 212.12(3) provides that “[w]hen any dealer or other person charged herein, fails to remit the tax, or any portion thereof, on or before the day when such tax is required by law to be paid, there shall be added to the amount due interest at the rate of 1 percent per month of the amount due from the date due until paid."

. The stipulations required the airlines to deposit amounts in their escrow accounts "sufficient to cover [their] sales tax liability for the preceding month_” (e.s.) This language cannot be construed to estop the state from collecting statutory interest. We acknowledge the term “liability” lends arguable support to appellants' contention that the term includes their entire liability, i.e., by consenting to the monies deposited in an amount “sufficient to cover [their] sales tax liability,” the state cannot now seek to collect interest on the amounts accrued. Such language, without more, however, cannot be construed as estopping the state from its right to collect unpaid interest on taxes not remitted to the state, because estoppel against the state requires a positive act on the part of a state officer and must be based on exceptional or special circumstances. See 22 Fla.Jur.2d, Estoppel and Waiver § 80 (1980). To justify a claim of estop-pel against the state there must be “(1) a representation by the party estopped to the party claiming estoppel as to some material fact, (2) a reliance upon the representation by the party claiming the estoppel, and (3) a change in such party’s position caused by his reliance upon the representation to his detriment." Department of Revenue v. Hobbs, 368 So.2d 367, 369 n. 4 (Fla. 1st DCA 1979), appeal dismissed, 378 So.2d 345 (Fla.1979). In Hobbs, the Department of Revenue was found not to be estopped from collecting sales taxes from deep sea party Ashing boats, despite representations made to third parties that the tax would not be collected. In the instant case there is no explicit representation by the state that interest would not be due, nor is there a showing of a detrimental reliance on any such representation.