JORGENSON, Judge,
dissenting.
By its affirmance, the court has held that Southeastern Fidelity Insurance Co. cannot maintain an action for declaratory relief against Truck Insurance Exchange, Inc., after settling with the companies’ insured. Because in my view the court errs both as a matter of law and as a matter of public policy in reaching this result, I respectfully dissent.
Southeastern Fidelity Insurance Co. (Southeastern) and Truck Insurance Exchange, Inc. (Truck) issued consecutive general liability insurance policies to Volkswagen South, Inc. (Volkswagen).[1]
*79 In August, 1978, Volkswagen South erroneously delivered to Kim MeCammon a Volkswagen Beetle bearing a different vehicle identification number than the Beetle specified in the sales contract. On May 15, 1979, Volkswagen reported as stolen the vehicle delivered to MeCammon. On a routine traffic stop on January 1, 1982, MeCammon was arrested for auto theft. MeCammon sued Volkswagen for damages, alleging fraud, false arrest, false imprisonment, battery, malicious prosecution, and gross negligence.
Southeastern filed an action against Volkswagen and MeCammon seeking a declaration of its obligation under its policy with Volkswagen.[2] Southeastern was not yet aware that Truck had also issued a policy to Volkswagen. When Southeastern learned of the Truck policy, both insurers agreed to settle the MeCammon claim even though they disagreed over the extent of their respective liability to Volkswagen, their insured.
Upon obtaining leave from the court to amend its initial complaint against MeCam-mon, Southeastern filed a complaint for declaratory relief against Truck. That complaint, as well as three later amended complaints, was dismissed for failure to state a claim. The fourth and final complaint which is the subject of this appeal sought both declaratory relief and damages. Southeastern alleged that its policy covered only the title defect damages and that Truck’s policy covered the wrongful arrest, imprisonment, battery, and malicious prosecution damages. Because the parties were unable to agree on the interpretation of their respective insurane'e policies, Southeastern alleged that they were entitled to a declaratory judgment determining the amount of the MeCammon settlement for which each insurer was responsible. Southeastern further claimed that it had paid MeCammon more than its share and had thus discharged an obligation which belonged, in whole or in part, to Truck. Moreover, Southeastern alleged that it had participated in the settlement in reliance upon Truck’s agreement that the settlement was without prejudice to either party seeking a judicial determination of its rights under the policies.
Appellee moved to dismiss the third amended complaint alleging, inter alia, that Southeastern erroneously requested a dollar damage award under the guise of a declaratory judgment and that the Declaratory Judgment Act does not offer this type of relief. The trial court granted appellee’s motion to dismiss the third amended complaint with prejudice for failure to state a cause of action. In doing so, I believe the trial court erred.
The law favors settlements, and injured plaintiffs should be made whole as quickly as possible. Lotspeich Co. v. Neogard Corp., 416 So.2d 1163, 1164-65 (Fla. 3d DCA 1982). It is well settled that an insurer has a duty to its insured to make a good faith offer of settlement so as to avoid exposing the insured-to an excess judgment. See Kivi v. Nationwide Mut Ins. Co., 695 F.2d 1285 (11th Cir.1983) (primary insurer had responsibility to conduct good faith negotiations to settle claim against its insured); Boston Old Colony Ins. Co. v. Gutierrez, 386 So.2d 783 (Fla.1980) (the insurer must give fair consideration to a reasonable settlement offer and settle if possible and reasonable), cert. denied, 450 U.S. 922, 101 S.Ct. 1372, 67 L.Ed.2d 350 (1981); Clauss v. Fortune Ins. Co., 523 So.2d 1177 (Fla. 5th DCA 1988) (same); Thomas v. Lumbermens Mut. Cas. Co., 424 So.2d 36 (Fla. 3d DCA 1982) (insurer has duty to make a good faith offer of settlement). Both insurers should be commended for their diligence in settling their respective claims with the injured party. However, where, as here, the parties disagreed over the extent of the coverage provided by the policies and their respective liabilities, the settlement should not preclude either party from seeking a judicial resolution of the dispute.
*80 The Declaratory Judgment Act permits the parties to litigate both the coverage dispute and the damages claim:
Any person claiming to be interested or who may be in doubt about his rights under a deed, will, contract, ... or whose rights, status, or other equitable or legal relations are affected by ... contract ... may have determined any question of construction or validity arising under such ... contract ... and obtain a declaration of rights, status, or other equitable or legal relations thereunder.
§ 86.021, Fla.Stat. (1983).
The Florida Supreme Court in May v. Holley, 59 So.2d 636, 639 (Fla.1952), stated the controlling law on the requirements for entertaining a petition for declaratory judgment relief under chapter 86, Florida Statutes (1985), as follows: “Before any proceeding for declaratory relief should be entertained, it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration .... ” “[B]ona fide disputes over the coverage of an insurance policy have been traditionally considered a proper subject for declaratory judgment relief.” Tavares v. Allstate Ins. Co., 342 So.2d 551, 553 (Fla. 3d DCA 1977) (citations omitted).
Appellant alleges that it is a party that is interested in and in doubt about its rights under a contract, and that there is a bona fide present dispute between itself and ap-pellee over the extent of its coverage on the McCammon claim. The Declaratory Judgment Act fully contemplates and authorizes the types of claims alleged here. See Prieto v. Reserve Ins. Co., 340 So.2d 1282 (Fla. 3d DCA 1977) (declaratory judgment action asserting entitlement to policy benefits under insurance policy which terminated prior to the occurrence giving rise to the claim).
It is of no moment that appellant’s declaratory action also seeks a dollar judgment. There is no question that a court can, under the Declaratory Judgment Act, give monetary relief where such relief is necessary. See State Dept. of Revenue v. Air Jamaica Ltd., 522 So.2d 446, 448 (Fla. 1st DCA 1988); Thomas v. Cilbe, Inc., 104 So.2d 397, 402 (Fla. 2d DCA 1958). See generally, Fla.Jur., Declaratory Judgments § 6 (1980).
Because I believe that appellant’s third amended complaint stated a cause of action for declaratory relief, I would reverse the order of dismissal.

. Southeastern’s policy became effective on March 1, 1978, and expired on March 1, 1980. Truck’s policy became effective on November 1, 1981, and expired on November 1, 1982.

. Southeastern’s policy with Volkswagen, although providing coverage for the types of claims in question, stated that "This insurance applies only to personal injury which occurs during the coverage section period_” (Emphasis supplied.)